## STATE v. SARGENT.

No. 7835.   Decided December 29, 1952.   (251 P. 2d 663.)

See 6 C. J. S., Assault and Battery, sec. 125. Assault with deadly weapon. 4 Am. Jur., Assault and Battery, sec. 33.

*Ray S. McCarty*, Salt Lake City, for appellant.

*Clinton D. Vernon,* Atty. Gen., *J. Lambert Gibson,* Deputy Atty. Gen., and *Richard J. Maughan,* Asst. Atty. Gen., for respondent.

McDONOUGH, Justice.

The defendant, Wayne Sargent, appeals from a judgment whereby he was found guilty of the crime of assault with a deadly weapon. The assault was allegedly committed upon his wife, Ann Moore Sargent.

The defendant and Ann had been married for some three and a half years, on August 17, 1951, the date of the occurrence which was the basis for the criminal charge. So far as the record reveals, they got along amicably until Ann, over her husband's protest, secured work at a cafe in Marysvale, Utah. Appellant objected to her working there because of the sale of beer at the place and the frequency of what he describes as drunken brawls. The estrangement finally resulted in Ann filing suit for divorce.

On August 17, 1951, defendant was drinking with some companions. They engaged in some target shooting with a .22 rifle. Thereafter, defendant carrying the rifle went to the cafe in question. According to the evidence of the State, when he entered the cafe he pointed the gun at two men who were sitting there and told them to get out. They ignored him but a moment later heard a shot and saw Ann fall to the floor. She had suffered a flesh wound from a .22 caliber bullet.

The sole contention made by the defendant here is that the evidence does not support a finding of intent to do bodily harm. This contention must be overruled. While it is true that the defendant stated that he loved his wife and would not harm her; that he merely went to the cafe to talk to her and that the gun went off accidentally; nevertheless, his acts in and of themselves, but particularly when viewed in light of his subsequent admission, amply support the finding of the court below to whom the case was tried

without a jury. Subsequently to the shooting the appellant was asked by the arresting officer why he did a thing like that. He answered: "Well, I don't know, but when she called me chicken, it burned me up and I fired." This testimony was corroborated by another arresting officer. The evidence supports the attacked findings and the judgment entered thereon by the court below. The judgment is therefore affirmed.

WOLFE, C. J., and WADE and CROCKETT, JJ., concur.

HENRIOD, J., did not participate.